**Alcides ROQUE, Plaintiff–Appellant,**

v.

**T. LUPO, Correction Officer, Auburn Correctional Facility, M. Murray, Sergeant, Auburn Correctional Facility, C.O. Nunez, Auburn Correctional Facility, R. Head, Lieutenant, Auburn Correctional Facility, C.O. Akinson, Law Library Supervisor, Auburn Correctional Facility, Defendants–Appellees.**

No. 02–0246.

United States Court of Appeals, Second Circuit.

Dec. 29, 2004.

Alcides Roque, Southport Correctional Facility, Pine City, N.Y., for Appellant, pro se.

Eliot Spitzer, N.Y. State Atty., General, Albany, N.Y., for Appellee.

Present: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Roque's appeal from the dismissal, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, of his complaint challenges only the dismissal of his claim against Corrections Officer Lupo. Roque alleged that Lupo was responsible for injuries Roque sustained when he was assaulted in his cell by the prisoner sharing his cell, Torres. Roque and Torres shared a cell for 60 days after Roque's arrival at Auburn Correctional Facility and on February 1, 2000, they both requested continuing as cellmates. Torres assaulted Roque on February 4, 2000.

Although prison officials have a duty to protect a prisoner from violence by other prisoners, *see Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), they are liable for prisoner assaults only when they have incarcerated the victim under conditions posing a "substantial risk of serious harm" and were

"deliberately indifferent" to the risk, *see id.* at 834.

In the three-day interval from the request to remain cellmates and the assault, relations obviously deteriorated between Roque and Torres, but Roque alleges nothing that would have alerted Lupo to a "substantial risk of serious harm." Roque's complaint alleges only that "the relationship [with Torres] turn [*sic*] to the worst," that "[s]evere arguments were ongoing," and that Roque and Torres were "having serious problems" and "should be separated." The complaint about "having serious problems" is the only one that Roque alleges he reported to Lupo. The complaint makes no allegation that, prior to the assault, Torres had inflicted or threatened any physical harm. Lupo's alleged verbal response to Roque's request for reassignment might well suffice as an allegation of "deliberate indifference," but the complaint was properly dismissed for lack of an allegation of a "substantial risk of serious harm" to which Lupo was deliberately indifferent.